IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00309-CR

No.
10-03-00312-CR

 

Charlie Julius Gonzales,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-689-C

Trial
Court # 2002-274-C

 



DISSENTING Opinion



 








          One
of the most difficult standards of review to apply is the abuse-of-discretion
standard.  It is an easy test to state
and most people have some notion of what it means just by the label.  It becomes a bit more problematic, however,
when you actually try to define the standard. 
It serves no useful purpose here to catalog all the different ways that
the test has been described to try to actually define how to objectively test a
trial court’s decision by an abuse-of-discretion standard.  Probably the most complex test is the one
defined by Justice John Powers in Landon
v. Jean-Paul Budinger, Inc., from
the Austin Court of Appeals in 1987.  Landon v. Jean-Paul Budinger, Inc., 724
S.W.2d 931, 934-937 (Tex.
App.—Austin 1987, no writ).  The test is
cumbersome and time consuming.  Parties
do not brief in light of this description of the test because courts seldom
attempt to use it.  On the other end of
the spectrum of descriptions for the abuse-of-discretion standard of review
would be something like, the trial court’s decision is “within the zone of
reasonable disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh'g).

          And
unless the reviewer is really careful, it is so very easy to find an
abuse-of-discretion when the reviewer simply disagrees with the trial
court.  For example, in this case, the
Court makes no effort to determine whether there was a need for a hearing on
the motion for new trial; but the Court remands the case for a hearing.  If the Court has not evaluated whether there
was charge error, the Court cannot properly determine if a hearing was
necessary.  If there was no error in the
charge, there can be no ineffective assistance of counsel for not objecting to
it, and there would be no need to hold a hearing on the motion for new
trial.  Thus, the trial court did not
abuse its discretion by not holding a hearing on the motion.

          And
if there is error in the charge and it was harmless when measured against the
standard for a defective charge to which an objection was made, then there,
too, is no need to know why there was no objection by counsel.  It would not matter.  And if the charge is defective, and it is
egregious harm, then it still does not matter because the Court could resolve
the merits of the issue.  So, only if it
lies betwixt and between egregious harm and harmful error if it had been
objected to, does the Court need to know why counsel did not object to the
charge.  Because only then does it matter
if there was an objection.  And only then
would we need a record of the trial counsel’s reasons for not objecting to
address the ineffective assistance of counsel issue.

          The
Court stops far short of the analysis necessary to properly resolve the
issue.  I would not.  The Court should perform its assigned task
and determine whether the trial court abused its discretion.  But a single vote will not change the result,
so I will yield to a more timely response and note my dissent and await the
time with patience until the trial court makes its determination known and the
answer returned.  In the Interest of S.A.P., 135 S.W.3d 165, 177-178 (Tex. App.—Waco
2004)(Gray, C.J., dissenting), rev’d,
2005 Tex. LEXIS 52, *1; 48 Tex. Sup. J. 368 (Tex. Jan. 21, 2005).

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

 

Dissenting
opinion delivered and filed on February 23, 2005